Filed 7/22/13  Rodriguez-Fernandez v. CANI Industrial Design & Engineering CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| VICTOR RODRIGUEZ-FERNANDEZ, <br><br> Plaintiff, Cross-defendant and Appellant, <br><br> v. <br><br> CANI INDUSTRIAL DESIGN & ENGINEERING, INC., <br><br> Defendant, Cross-complainant and Respondent. | D061255 <br><br><br> (Super. Ct. No. ECU04275) |

APPEAL from a judgment of the Superior Court of Imperial County, Donal B. Donnelly, Judge.  Affirmed.

Victor Rodriguez-Fernandez in pro per.

Sutherland & Gerber, Lowell F. Sutherland for Defendant, Cross-complainant and Respondent.

INTRODUCTION

Victor Rodriguez-Fernandez (Rodriguez) appeals from a judgment in favor of Cani Industrial Design & Engineering, Inc. (CANI) on Rodriguez's complaint for breach of contract and payment of wages and CANI's cross-complaint for breach of contract. Rodriguez contends we must reverse the court's judgment because he satisfied all of the elements of his claims, the court's decision was not supported by the facts or law, and the court failed to make requested findings. We conclude there is no merit to these contentions and affirm the judgment.

BACKGROUND[1]

Rodriguez and CANI entered into a contract under which CANI agreed to purchase engineering contracts and projects (work) from Rodriguez and to pay him a salary as a surveyor and civil engineer. The initial purchase price was $250,000; however, if CANI did not receive at least that amount in revenues during the 2007 calendar year, the parties agreed to reduce the purchase price to match the amount of revenues CANI actually received.

Rodriguez also assigned his accounts receivable to CANI. Rodriguez agreed to invoice and collect money owed for work predating the effective date of the parties' contract. In exchange, CANI agreed to pay Rodriguez 30 percent of the profits from the collections unless the cost of completing the work exceeded the amount due for the work,

---

[1] As Rodriguez did not provide us with a reporter's transcript or other record of the oral trial proceedings, we derive our background summary from the court's statement of decision. (*Krueger v Bank of America* (1983) 145 Cal.App.3d 204, 207.)

in which case Rodriguez agreed to pay CANI the overage or permit CANI to deduct the overage from the purchase price. CANI further agreed to pay Rodriguez $80,000 a year for performing surveying and engineering work full-time and give him 30 percent of the profits from any new work he generated.

The court found Rodriguez breached the parties' agreement by, among other acts: (1) failing to produce and collect the warranted amount of revenue; (2) failing to perform any substantial documented full-time engineering work in 2007; (3) failing to determine with CANI the recalculated or adjusted purchase price; and (4) failing to complete work he was obligated to complete, which necessitated that CANI complete the work, in at least some instances at a loss. Because of Rodriguez's breaches, the court found CANI's performance under the contract was excused. The court based its findings and conclusions in part on the trial testimony of Rodriguez and others.

The court entered judgment in CANI's favor on Rodriguez's claims and on CANI's cross-claim for breach of contract. The court awarded CANI damages of $50,000, representing CANI's down payment on the purchase price. The court declined to award other damages, finding the financial compilations and summaries the parties submitted were not sufficiently reliable or certain for it to compute any other damages.

Rodriguez subsequently filed a motion to vacate the judgment, modify the judgment, or for a new trial. CANI opposed the motion and, after hearing oral argument on the matter, the court denied the motion without comment.[2]

DISCUSSION

The appellate record in a civil case must include a record of the written documents from the superior court proceedings. This record may be in the form of a clerk's transcript, an appendix, the original superior court file, an agreed statement or a settled statement. (Cal. Rules of Court, rule 8.120(a)(1).)[3] *If an appellant intends to raise any issue requiring consideration of the oral proceedings in the superior court, the appellate record must also include a record of the oral proceedings.* This record may be in the form of a reporter's transcript, an agreed statement, or a settled statement. (Rule 8.120(b).)

Rodriguez provided us with a clerk's transcript. The clerk's transcript contains the documents required by rule 8.122(b)(1) as well as certain other documents and exhibits designated by Rodriguez under rule 8.122(c). It is unclear whether the clerk's transcript contains the complete record of the written documents from the trial proceedings.

Rodriguez also provided us with a reporter's transcript of the hearing on his new trial motion. He did not provide a reporter's transcript or any other record of the oral trial

---

[2] Rodriguez is not directly challenging the court's ruling on the motion in this appeal.

[3] Further rule references are to the California Rules of Court unless otherwise stated.

4

proceedings (see fn. 1, *ante*). Consequently, his appeal "is considered to be upon the judgment roll alone. [Citations.] . . . The trial court's findings of fact and conclusions of law therefore are presumed to be supported by substantial evidence and are binding upon us, unless the judgment is not supported by the findings or reversible error appears on the face of the record." (*Krueger v. Bank of America*, *supra*, 145 Cal.App.3d at p. 207.)

All of the contentions Rodriguez raises on appeal, including his challenges to the propriety of the court's statement of decision, are fact dependent and cannot be resolved without consideration of the oral trial proceedings. Because Rodriguez has not provided us with an adequate record to review these contentions, we must resolve them against him. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

To the extent Rodriguez asserts we must reverse the judgment because the court failed to address each of the points specified in his 17-page amended request for a statement of decision, we disagree. " '[T]he trial court is not required to respond point by point to issues posed in a request for a statement of decision. "The court's statement of decision is sufficient if it fairly discloses the court's determination as to the ultimate facts and material issues in the case." ' " (*Pannu v. Land Rover North America, Inc.* (2011) 191 Cal.App.4th 1298, 1314, fn. 12; accord, *Bandt v. Board of Retirement* (2006) 136 Cal.App.4th 140, 162.)

In this case, the court's statement of decision contains the ultimate factual findings on the principal controverted issues of whether a contract existed; whether a party performed, was excused from performing, or breached the contract; and whether a party suffered damages. (See *San Mateo Union High School Dist. v. County of San Mateo*

5

(2013) 213 Cal.App.4th 418, 439 [essential elements of a breach of contract claim are the contract, performance or excuse for nonperformance, breach, and resulting damages].) The court's statement of decision is, therefore, sufficient and the court's failure to address the various additional points raised in Rodriguez's amended request for a statement of decision does not require reversal of the judgment.

Finally, as this is an appeal on the judgment roll, we reviewed the court's findings to determine whether they supported the judgment. We also reviewed the record to determine whether it contained a reversible error on its face. (*Krueger v. Bank of America*, *supra*, 145 Cal.App.3d at p. 207.) We conclude the court's findings support the judgment and there are no discernible errors on the face of the record requiring reversal. We, therefore, affirm the judgment.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its appeal costs.

MCCONNELL, P. J.

WE CONCUR:

BENKE, J.

O'ROURKE, J.

6